CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
December 18, 2025
Laura A. Austin, Clerk
BY: /s/ K. Lokey
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **EXTREME DRIVER INC.**, <br><br> **Plaintiff**, <br><br> v. <br><br> **L FAB ENTERPRISES, LLC D/B/A IRON FORCE; AND MONTANA POST DRIVER, LLC,** <br><br> **Defendants.** | Civil Action No. 3:25cv99 |

Extreme Driver Inc. ("Extreme Driver" or "Plaintiff"), by counsel, hereby files this Complaint for patent infringement against L Fab Enterprises, LLC d/b/a/ Iron Force ("Iron Force"), and Montana Post Driver, LLC ("Montana Post"), (collectively, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves a claim arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

2. This Court has personal jurisdiction over Defendants pursuant to Va. Code § 8.01-328.1, as they transacted business, contracted to supply services, and caused tortious injury within the Commonwealth of Virginia and Defendants have each derived substantial revenue from the sale of infringing products in the Commonwealth of Virginia.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because part of the events or omissions giving rise to the claims in this action occurred in Madison County, Virginia

within the Charlottesville Division of the United States District Court for the Western District of Virginia, and also because Defendants are subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

4.      Plaintiff Extreme Driver Inc. is a Virginia Corporation with its principal place of business located at 338 Abells Holler Log Lane, Reva, VA, 22735.

5.      Upon information and belief, Defendant L Fab Enterprises, LLC is a Pennsylvania Limited Liability Company with a principal place of business located at 130 Salem Road, Kirkwood PA, 17536.

6.      Upon information and belief, Defendant Montana Post Driver, LLC is a Montana Limited Liability Company with a principal place of business at 2826 Gold Creek Road, Gold Creek, MT 59733.

7.      Upon information and belief, Defendant Iron Force and Defendant Montana Post cooperate, coordinate, or partner to manufacture and develop products.

## FACTS

8.      Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 7.

### *Plaintiff and Plaintiff's Patented Technology*

9.      United States Patent Number 11,713,591, entitled "Systems, Devices, and/or Methods for Driving Posts" ("the '591 Patent," or the "Patent-in-Suit"), was duly and legally issued by the United States Patent and Trademark Office on August 1, 2023. The inventions claimed in the '591 Patent can be applied in the field of hydraulic post driving—for example, when driving fence posts into the ground. A copy of the '591 Patent is attached as **Exhibit 1**.

10. Plaintiff Extreme Driver is the assignee of the entire right, title, and interest in the '591 Patent.

11. Fencing plays a critical role in protecting property, managing livestock, and defining boundaries with clarity. A well-built fence can enhance security, preserve assets, and support efficient land management, whether in agricultural, commercial, or residential properties.

12. Achieving a quality fence installation depends critically on the placement and installation of each fence post. Traditionally, fence post installation was a largely manual, labor intensive task. Hydraulic post drivers transform this traditionally labor-intensive task into a faster, safer, more precise, and more consistent process. For example, hydraulic post drivers can seat posts more deeply and securely, improving long-term stability even in challenging soil conditions. Hydraulic post drivers can also reduce operator fatigue, greatly reduce installation time, and lower the risk of injury, thus enabling crews to complete more linear footage of fence installation with fewer resources.

13. However, traditional hydraulic post drivers prior to the invention of the '591 Patent suffered from several disadvantages. For example, the substantial driving forces of hydraulic fence post drivers—while necessary to achieve the benefits noted above—can themselves create additional problems if not managed correctly.

14. Specifically, hydraulic post drivers generate powerful, repetitive impact forces which can lead to excessive vibrations when driving posts into soil with certain conditions. When these vibrations are transferred to the driver's frame, they can stress the frame, loosen connections, and reduce operator comfort and control. Vibrations can also transfer to other equipment to which the post driver may be coupled, such as a skid steer, tractor, or trailer-mounted platform. These transferred vibrations may affect the stability of the connected equipment resulting in damage, tilting, or even the

possibility of a rollover.

15. Extreme Driver was established in 2009 in Madison County Virginia and has been an innovator in the field of hydraulic post driving equipment. Extreme Driver and its shareholder, William R. Tanner ("Tanner"), sought to address the problems noted above by designing a new type of hydraulic post driver that solved the vibration transfer problem.

16. To that end, Extreme Driver and Tanner developed a variety of innovative fence post drivers, including models that are pulled by trailers, models that are mounted on tracks, 3-point hitch models, and skid steer models that each included novel features to minimize or eliminate vibration transfer to the hydraulic post driver's frame.

17. These innovations are claimed in the '591 Patent. The '591 Patent is directed to, among other things, a system comprising a frame, an outer mast, and an inner mast. A jackhammer head is coupled to the outer mast, which allows the jackhammer head to float up and down on the inner mast as the jackhammer head reciprocates, such that vibrations from the jackhammer motion substantially do not get transferred to the frame, thus minimizing or eliminating the risk of damage, tilting, or rollover.

### *Defendant Iron Force's Infringement of the '591 Patent*

18. Upon information and belief, Defendant Iron Force has and continues to infringe the '591 Patent by making, using, selling, and offering for sale at least its Iron Force MS2750, MS3000, MS3500, MS5000, and MS5500 post driver products ("the Iron Force Accused Products") in the United States that embody or use the inventions claimed in the '591 Patent.

19. Upon information and belief, the Iron Force Accused Products each are hydraulic post drivers that include an "Auto-Force" valve that "places downward pressure on the post" and

can drive posts up to 100 inches in height and have a front to back and left to right tilt of at least 42 degrees.

20. Upon information and belief, Defendant Iron Force has known of the existence of the '591 Patent and its acts of infringement have been willful and in disregard for the '591 Patent without any reasonable basis for believing that it had a right to engage in the infringing conduct.

21. Specifically, on September 24, 2025 counsel for Extreme Driver sent a letter to Mr. Ivan Fisher of Iron Force informing Iron Force of the '591 Patent and its applicability to Iron Force's products.

22. Upon information and belief, Iron Force has sold infringing products to Extreme Driver's customers, including to its customers in the Commonwealth of Virginia, including in Madison County, VA, in this judicial district.

23. Extreme Driver has been harmed and continues to be harmed by Iron Force's unauthorized sales of the infringing products, which diverts sales from Plaintiff, diminishes the value of Plaintiff's patented technology, and deprives Plaintiff of the revenue and profits it would have earned absent Defendant's infringement.

### *Defendant Montana Post's Infringement of the '591 Patent*

24. Upon information and belief, Defendant Montana Post has and continues to infringe the '591 Patent by making, using, selling, and offering for sale its Montana Mountain Goat product ("the Montana Mountain Goat Accused Product") in the United States that embodies or uses the inventions claimed in the '591 Patent.

25. Upon information and belief, the Montana Mountain Goat Accused Product is a hydraulic post driver with adjustable driving height that allows the post driver to accommodate a

variety of posts with lengths of up to 12 feet 8 inches in height and has a front to back and left to right tilt of at least 45 degrees.

26. Upon information and belief, Defendant Montana Post has known of the existence of the '591 Patent and its acts of infringement have been willful and in disregard for the '591 Patent without any reasonable basis for believing that it had a right to engage in the infringing conduct.

27. Specifically, on September 24, 2025 counsel for Extreme Driver sent a letter to Mr. Floyd Yoder of Montana Post informing Montana Post of the '591 Patent and its applicability to Montana Post's products.

28. Upon information and belief, Montana Post has sold infringing products to Extreme Driver's customers, including to its customers in the Commonwealth of Virginia, including in Galax, Virginia in this judicial district.

29. Extreme Driver has been harmed and continues to be harmed by Montana Post's unauthorized sales of the infringing products, which diverts sales from Plaintiff, diminishes the value of Plaintiff's patented technology, and deprives Plaintiff of the revenue and profits it would have earned absent Defendant's infringement.

## COUNT I

### (Patent Infringement by Defendant Iron Force in Violation of 35 U.S.C. § 271(a))

30. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-29 of this Complaint as if set forth in full.

31. Upon information and belief, Defendant Iron Force has been and is infringing at least claim 13 of the '591 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district infringing post drivers, including the Iron Force Accused Products, in violation of 35 U.S.C. § 271(a).

32. Defendant Iron Force's infringement has been, and continues to be knowing, intentional, and willful.

33. Defendant Iron Force's acts of infringement of the '591 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

34. Defendant Iron Force's acts of infringement of the '591 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 285.

## COUNT II

### (Patent Infringement by Defendant Montana Post in Violation of 35 U.S.C. § 271(a))

35. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-34 of this Complaint as if set forth in full.

36. Upon information and belief, Defendant Montana Post has been and is infringing at least claim 13 of the '591 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district infringing post drivers, including the Montana Post Accused Products, in violation of 35 U.S.C. § 271(a).

37. Defendant Montana Post's infringement has been, and continues to be knowing, intentional, and willful.

38. Defendant Montana Post's acts of infringement of the '591 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

39. Defendant Montana Post's acts of infringement of the '591 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities

are enjoined by this Court pursuant to 35 U.S.C. § 285.

## **DEMAND FOR JURY TRIAL**

40. Extreme Driver requests trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Extreme Driver prays for judgment as follows:

a. Adjudging that Defendants have infringed the '591 Patent in violation of 35 U.S.C. § 271(a);

b. Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '591 Patent;

c. Ordering Defendants to account and pay damages adequate to compensate Plaintiff for Defendants' infringement of the '591 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

d. Ordering that the damages award be increased three by times the actual amount assessed, pursuant to 35 U.S.C. § 284;

e. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

f. Awarding such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

DATED: December 18, 2025.

                    Respectfully submitted,
                    EXTREME DRIVER, INC.

                    By: */s/ Clinton H. Brannon*
                        Clinton H. Brannon
                        Virginia State Bar No. 72340
                        Counsel for Plaintiff
                        WILLIAMS MULLEN
                        8350 Broad Street, Suite 1600
                        Tysons, Virginia 22102
                        Telephone: (703) 760-5226
                        Facsimile: (703) 748-0244
                        cbrannon@williamsmullen.com