CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Extreme Driver Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00099 |
| | ) | |
| L Fab Enterprises, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Montana Post Driver, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On February 25, 2026, the Clerk entered default against Defendants L Fab Enterprises, LLC d/b/a Iron Force ("Iron Force") and Montana Post Driver, LLC ("MPD").  (Dkt. 8.) This matter is before the court on Defendants' motion for leave to file responsive pleadings out of time and to set aside entry of default.  (Dkt. 9.)  For the following reasons, the court will grant the motion.

## I.    Background

On December 18, 2025, Plaintiff Extreme Driver Inc. filed a patent infringement suit against Defendants Iron Force and MPD.  (Dkt. 1.)  Plaintiff alleges that Defendants have been and are currently infringing Plaintiff's patented hydraulic post driving technology.  (*See id.* ¶¶ 18, 24.)  Iron Force was served on December 22, 2025, (*see* Dkt. 5), and MPD was served on December 30, 2025, (*see* Dkt. 6).

On January 16, 2026, Iron Force's Pennsylvania counsel, Larry Miller, contacted Plaintiff's counsel, Clinton Brannon, on behalf of both Defendants, to discuss a potential 60-day extension for them to respond to the Complaint. (Dkt. 10 at 2; Dkt. 16-1 ¶¶ 5–6.) Iron Force was already in default at this time. (Dkt. 10-3 ¶ 5.) Brannon agreed to a 30-day extension and informed Miller that Miller would need to file any extension request with the court. (Dkt. 10 at 2; Dkt. 16-1 ¶¶ 7–8.) Miller noted that he had reached out to potential local counsel but that he had not yet heard back. (Dkt. 16-1 ¶ 11.) Defendants did not file an extension request.

The week after the phone call, the owner of MPD flew to Washington, D.C. to meet with the principal of Extreme Driver for settlement discussions. (Dkt. 10 at 2.) He did so with authority to conduct settlement negotiations for both Defendants. (*Id.*) The parties could not agree on a settlement during the trip, and further discussions over the next two weeks proved unsuccessful. (*Id.*; Dkt. 10-3 ¶ 8–9.) At this point, both Defendants had missed a deadline to file a responsive pleading. (Dkt. 10 at 3.) Not having heard any updates from Defendants as to securing local counsel, Plaintiff filed a motion for a clerk's entry of default on February 5, 2026. (Dkt. 7; Dkt. 16-1 ¶ 14.) The Clerk entered default as to both Defendants the next day. (Dkt. 8.)

The following week, Defendants asked Miller to locate counsel in Virginia to assist with the case. (Dkt. 10 at 2; Dkt. 10-3 ¶¶ 8–9.) Defendants' local counsel entered an appearance on February 25, 2026, (Dkts. 11, 12), and on the same day, Defendants filed a motion for leave

to file responsive pleadings out of time and to set aside entry of default, (Dkts. 9, 10).  Plaintiff opposed on March 11, (Dkt. 16), and Defendants replied one week later, (Dkt. 17).

## II.    Standard of Review

Federal Rule of Civil Procedure 55 governs entries of default and default judgments. The Clerk must enter default against a party that has "failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  The court may set aside a clerk's entry of default "for good cause."  *Id.* 55(c).  Rule 55(c)'s "good cause" standard for entries of default is more forgiving of defaulting parties than Rule 60(b)'s "excusable neglect" standard for final default judgments because "it does not implicate any interest in finality."  *Mullinex v. John Crane Inc.*, 636 F. Supp. 3d 622, 625 (E.D. Va. 2022) (quoting *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010)).  The disposition of Rule 55(c) motions is "largely within the discretion of the trial judge."  *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

Courts in the Fourth Circuit are instructed to consider six factors in deciding whether to grant a Rule 55(c) motion: (1) whether the moving party has a meritorious defense; (2) whether the moving party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-moving party; (5) whether there is a history of dilatory action, and (6) the availability and effectiveness of less drastic sanctions.  *Id.* at 204–05.  "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'"  *Colleton Preparatory Acad.*, 616 F.3d at 421 (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Federal Rule of Civil Procedure 6(b)(1) provides that the court may grant extensions to file "for good cause." After the time has expired and a party has moved for it, the court may grant an extension "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is an "elastic concept" and is not limited to circumstances beyond the control of the parties. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Relevant factors for the court's consideration include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *McKesson Med.-Surgical, Inc. v. Flower Orthopedics Corp.*, No. 3:17-cv-00631, 2018 WL 944375, at *8 (E.D. Va. Feb. 16, 2018) (quoting *Pioneer*, 507 U.S. at 395).

### III.    Analysis

**A. Rule 55(c) Motion to Set Aside Entry of Default**

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad.*, 616 F.3d at 417. After weighing the six *Payne* factors, the court finds that Defendants have shown good cause and will therefore set aside the entry of default.

*Meritorious Defense*

To establish the existence of a "meritorious defense," Defendants must "present[] or proffer [] evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "The

- 4 -

underlying concern is whether there is *some possibility* that the outcome after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (cleaned up) (emphasis added). In response to the allegations in the complaint, Defendants allege, in summary, that:

> the '591 Patent is invalid and/or unenforceable (i) as it does not incorporate an enabling disclosure, (ii) as it is anticipated and/or obvious in light of prior art which was used, sold, or offered for sale several years before the priority date of the '591 Patent, and (iii) due to inequitable conduct and fraud upon the U.S. Patent and Trademark Office, namely, failure to disclose material prior art during the prosecution of the patent-in-suit.

(Dkt. 10 at 5.) Defendants provide factual support for these allegations in MPD's proposed Answer and Counterclaims, (*see generally* Dkt. 9-2), and in their joint reply brief, (Dkt. 17).

Defendants are "not required to establish a meritorious defense by a preponderance of the evidence[,] . . . the mere assertion of facts constituting a meritorious defense" may be sufficient. *Ebersole v. Kline-Perry*, 292 F.R.D. 316, 321 (E.D. Va. 2013) (quoting *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 n.8 (4th Cir. 1974)). The court finds that Defendants have met their burden here, and this factor favors finding good cause to set aside the entry of default.

*Reasonable Promptness*

After Defendants were served, they entered settlement discussions with Plaintiff to resolve the case without litigation. (Dkt. 10 at 5.) While Defendants failed to file an extension request with the court, they filed the motion to set aside default 21 days after the Clerk entered default. (*See* Dkt. 8; Dkt. 9.) This is within the accepted range

- 5 -

of delay to find that Defendants acted reasonably promptly. *See, e.g.*, *Progressive N. Ins. Co. v. Geoffrey*, No. 9:23-cv-00737, 2023 WL 6462851, at *4 (D.S.C. Oct. 4, 2023) ("District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside" (quoting *Reg'l Med. Ctr. of Orangeburg v. Salem Servs. Grp., LLC*, No. 5:19-cv-00287, 2020 WL 1956515, at *3 (D.S.C. Apr. 23, 2020))). This factor thus favors finding good cause to set aside the entry of default.

*Personal Responsibility of Defendants*

Iron Force had missed its deadline before settlement conversations took place, and MPD's deadline passed during those conversations. (*See* Dkt. 10-3 ¶¶ 3–9.) Defendants "acknowledge that it was their responsibility to respond to the Complaint in a timely manner," note that they "were under the impression that the matter would be resolved through negotiation" and contend that they "were working with counsel in an attempt to secure an extension of time to respond." (Dkt. 10 at 6.) Plaintiff submits that this factor "should have a neutral impact" on the court's good cause analysis. (Dkt. 16 at 7.) The court agrees.

*History of Dilatory Action*

Courts generally consider the moving party's history of dilatory action independent of the delay that caused the default. *See, e.g.*, *Red Light Mgmt., Inc. v. Dalton*, 315 F.R.D. 65, 73 (W.D. Va. 2016). Defendants have no history of dilatory action, and

their filings since they entered this action have been timely. This factor thus favors

finding good cause to set aside the entry of default.

*Prejudice*

Plaintiff primarily argues that it is prejudiced by the delay because Defendants'

infringing products will continue to cause lost sales. (*See* Dkt. 16 at 7–8.) But "[i]n the context

of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not

constitute prejudice to the opposing party." *Colleton Preparatory Acad.*, 616 F.3d at 418. It is

not apparent that the delay would make it harder for Plaintiff to present evidence, complete

discovery, or eventually proceed with a trial, and there is no sign that Defendants used the

default to collude or to commit fraud. *See Am. Gen. Life Ins. Co. v. Ruiz*, 480 F. Supp. 3d 702,

709 (E.D.N.C. 2020) (listing considerations for determining whether a delay causes prejudice);

*see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952–53 (4th Cir. 1987) (same). Further,

"no cognizable prejudice inheres in requiring a plaintiff to *prove* a defendant's liability, a burden

every plaintiff assumes in every civil action filed in every federal court." *Colleton Preparatory

Acad.*, 616 F.3d at 419. This factor does not weigh against finding good cause to set aside

default.

*Availability of Less Drastic Sanctions*

"[R]equiring a defaulting party to pay the non-defaulting party's fees and costs

associated with seeking entry of default and default judgment is an appropriate and less drastic

sanction than entry of default judgment." *Red Light Mgmt.,* 315 F.R.D. at 73 (collecting cases).

The court finds that Defendants should pay Plaintiff's attorney's fees and costs in preparing

filings related to the default proceedings, including the response to Defendants' motion to set aside, which is an equitable and less drastic remedy than entering default judgment in this case. This factor thus favors finding good cause to set aside the entry of default.

### B. Rule 6(b) Motion for Leave to File Out of Time

When considering a motion to extend time under Rule 6(b), the court considers the *Pioneer* factors laid out above. *See Pioneer*, 507 U.S. at 395. As explained in the court's Rule 55(c) analysis, the short delay caused by Defendants' default does not prejudice Plaintiff. And the reason for the delay was at least in part due to Defendants' attempts to resolve the case outside of litigation. Finally, there is nothing to suggest that Defendants acted in bad faith by defaulting. Thus, considering the *Pioneer* factors, the court finds that Defendants' neglect in responding to the complaint is excusable.

### IV. Conclusion and Order

For all these reasons, the court finds good cause to set aside the entry of default and finds that Defendants' neglect in responding to the complaint is excusable. Accordingly, the court **GRANTS** Defendants' motion for leave to file and to set aside entry of default, (Dkt. 9). The Clerk's entry of default, (Dkt. 8), is hereby **VACATED**. Defendants are **ORDERED** to file an Answer or other responsive pleadings on the docket **within 14 days** of this Order.

Additionally, the court **DIRECTS** Plaintiff's counsel to file, on or before **May 22, 2026**, a motion for attorney's fees with an affidavit setting out fees and costs in preparing filings related to the default proceedings. Any response to the amount requested should be filed on or before **May 29, 2026**.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED**.

**ENTERED** this 30th day of April, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE