IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

July 15, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Nik Sams
DEPUTY CLERK

| | | |
|---|---|---|
| Extreme Driver Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| L Fab Enterprises, LLC | ) | Civil Action No. 3:25-cv-00099 |
| | ) | |
| and | ) | |
| | ) | |
| Montana Post Driver, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff Extreme Driver Inc.'s Motion for Attorneys' Fees and Costs. (Dkt. 23.) As directed by the court, (*see* Dkt. 18 at 8), Plaintiff moves for an award of attorneys' fees and costs in preparing filings related to default proceedings against Defendants, (Dkt. 23). For the following reasons, the court will grant the motion.

## I.    Background

The court assumes familiarity with the background of the default proceedings, which is detailed in the court's Memorandum Opinion and Order granting Defendants' motion to set aside default. (*See* Dkt. 18 at 1–3.) There, the court found that "Defendants should pay Plaintiff's attorneys' fees and costs in filings related to the default proceedings, including the response to Defendants' motion to set aside [default]." (*Id.* at 7–8.)

## II.    Standard of Review

Determining reasonable attorney fees "is a matter of discretion with the court." *Neves v. Neves*, 637 F. Supp. 2d 322, 339 (W.D.N.C. 2009) (citing *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243 (4th Cir. 2009)).  The court will apply the lodestar method, which has been used by other federal courts, to determine the amount of reasonable attorney fees to award.  *See id.* (collecting cases); *Chambers v. Russell*, No. 1:20-cv-00498, 2021 WL 1581074, at *2–6 (M.D.N.C. Apr. 22, 2021).  Under the lodestar method, the court multiplies the number of hours reasonably expended by a reasonable rate to calculate the appropriate award amount, *Chambers*, 2021 WL 1581074, at *2, after considering the following twelve factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom v. Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008).

The party seeking an award of attorney's fees must submit adequate evidence detailing the hours worked and the rates claimed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In determining an hourly rate, the district court "may rely on its own familiarity with the rates prevailing in the district." *Sines v. Kessler*, 343 F.R.D. 311, 321 (W.D. Va. 2022) (cleaned up).

### III.    Analysis

As directed by the court, (Dkt. 18 at 8), Plaintiff filed a motion for attorneys' fees and costs on May 22, 2026, (Dkt. 23). In response, Defendants did not contest an award of fees and costs but argued that (1) Plaintiff failed to support the reasonableness of the claimed hourly rate, and (2) that it is difficult to assess the reasonableness of time billed for preparing a Motion for Default Judgment because the motion was never filed. (Dkt. 26 at 1–3.)

### A.  Reasonable Hourly Rate

The court finds that the claimed hourly rate is not reasonable nor sufficiently supported. "The fee applicant bears the burden of establishing the reasonableness of a requested hourly rate." *Astornet Techs., Inc. v. BAE Sys., Inc.*, 201 F. Supp. 3d 721, 730 (D. Md. 2016) (citing *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). "The applicant must produce specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which [it] seeks an award." *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) (cleaned up). An applicant can establish such a market rate by providing, for example, "specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market." *Id.* Here, counsel provided a copy of the itemized bill submitted to Plaintiff that reflects counsel's stated billing rates—$720 per hour for Clinton H. Bannon (shareholder) and $325 per hour for Randy J. Thompson (paralegal). (*See* Dkt. 24-1 at 3, 7–9.) But Plaintiff does not submit any other evidence of the prevailing market rates in the Western District of Virginia, like fee awards in similar cases or third-party affidavits from local lawyers who have familiarity with the fee applicant's work and how it

- 3 -

compares to other similarly situated lawyers in the community. *See, e.g.*, *Robinson*, 560 F.3d at 245 ("Examples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community."). Plaintiff only submits counsel's own attestation that his firm's "hourly rates are reasonable and consistent with (or lower than), the hourly rates charged by attorneys and other law firms with comparable knowledge, competency, and experience in patent litigation matters." (*Id.* at 3.)

This is not enough to establish the reasonableness of the rate. "It is axiomatic that any counsel would claim their own hourly rate is reasonable and justified as they (or their firm) are the chief decisionmaker on what to charge their clients." *Minnix v. Sinclair Television Grp., Inc.*, No. 7:23-cv-00091, 2024 WL 1885568, at *3 (W.D. Va. Jan. 24, 2024). And the Fourth Circuit has found that an affidavit from the counsel of record alone—even when it includes records of actual billing rates charged—is insufficient to establish the prevailing market rate. *Robinson*, 560 F.3d at 244–46 ("In this case, beyond the affidavit of [counsel of record], [Plaintiff] offered no specific evidence that the hourly rates sought for her attorneys coincided with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work, which our case law required her to do." (quoting *Grissom*, 549 F.3d at 323) (cleaned up)).

Since neither party provides the court with arguments or evidence in support of a reasonable rate for a patent case in the Western District of Virginia, the court "turns to a review of reasonable fees awarded in other civil cases in the local community." *Minnix*, 2024

WL 1885568, at *4. This court has recently held an hourly rate of $400 for partners and $150 for paralegals as reasonable for complex civil litigation in this district. *See Schwaneberg v. Lopez*, No. 4:24-cv-00039, 2025 WL 2085531, at *4 (W.D. Va. July 24, 2025) (collecting cases). The court also notes that "[p]atent law is a highly specialized area and requires a high level of expertise; therefore, hourly rates that are higher than those of general practitioners is to be expected." *Rutherford Controls Int'l Corp. v. Alarm Controls Corp.*, No. 3:08-cv-00369, 2009 WL 4015357, at *4 (E.D. Va. Nov. 17, 2009).

Thus, after considering the factors supplied by *Grissom*, the court finds hourly rates of $500 for Clinton H. Brannon (shareholder) and $175 for Randy J. Thompson (paralegal) to be reasonable. These rates are below Plaintiff's requested rate, but higher than other complex civil cases in the district to account for other factors the court must consider. This action includes complex patent issues that Plaintiff was required to address during the default litigation. (*See, e.g.*, Dkt. 16 at 4–7.) And Plaintiff's counsel attests that he has practiced in the specialized field of patent, copyright, and trademark litigation for twenty years. (Dkt. 24-1 at 2.)

### B. Reasonable Hours Expended

The court finds that the time billed for preparing the Motion for Default Judgment is reasonable. Defendants argue that the itemized bill includes 7.6 hours in total dedicated to "research and drafting activities involving the Motion for Default Judgment," and that because this motion was never filed, "it is difficult to fully assess the reasonableness of the associated fees found in the [itemized bill]." (Dkt. 26 at 3–4, 3 n.1.)

In establishing the reasonable hours expended, Plaintiff must "submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. The number of hours should exclude hours that are "excessive, redundant, or otherwise unnecessary" to arrive at the number of hours that would be properly billed to the client. *Id.* at 434. Here, Plaintiff submitted the actual itemized bill submitted by counsel, which details billing entries related to the default litigation. (Dkt. 24-1 at 7–9.) After reviewing the time entries, the court finds that the hours contested by Defendants were not "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434. The itemized bill appears to show that counsel worked on the Motion for Default Judgment periodically from February 9, 2026, to February 18, 2026. (Dkt. 24-1 at 7.) Plaintiff attests that counsel ceased working on the motion once it learned that Defendants intended to move to set aside the entry of default, (Dkt. 24 at 3–4), and that assertion is consistent with the entries in the itemized bill. Further, the court finds that spending under 10 hours researching and drafting a motion for default judgment after a clerk's entry of default and before Defendants had appeared in the case is reasonable. *See, e.g.*, *Personhubullah v. Alcorn*, 239 F. Supp. 3d 929, 949 (E.D. Va. 2017) (noting that a party may recover fees "even though the motion [is] never filed" if "the research is reasonable in relation to the circumstances of the case"). The court has no reason to believe that any of these hours expended on the motion were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Defendants do not challenge the reasonableness of any other time expended. Having reviewed the parties' arguments and counsel's declaration, the court finds all relevant time expended to be reasonable and will award the hours requested by Plaintiff.

## IV.    Conclusion and Order

For these reasons, the court calculates the attorneys' fees to the Plaintiff as follows:

| Name | Hourly Rate | Hours Billed | Fee Award |
|---|---|---|---|
| Clinton H. Brannon (Shareholder) | $500 | 16.0 | $8,000.00 |
| Randy J. Thompson (Paralegal) | $175 | 2.9 | $507.50 |
| | | **TOTAL** | $8,507.50 |

The court **GRANTS in part** Plaintiff's motion for attorneys' fees and costs.  (Dkt. 23.)

Accordingly, the court will award Plaintiff **$8,507.50** in attorneys' fees.  The Clerk is directed

to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED**.

**ENTERED** this 15th day of July, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

- 7 -